IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI CANADA-KING, | : | CIVIL ACTION |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | No: |
| WATERMARK RETIREMENT COMMUNITIES, INC.; and, WATERMARK RETIREMENT COMMUNITIES, INC., d/b/a ROSE TREE PLACE, | : | |
| **Defendants.** | : | |

**COMPLAINT AND JURY DEMAND**

I.  **INTRODUCTION**

Plaintiff, Kai Canada-King, claims of Defendants, Watermark Retirement Communities, Inc., and Watermark Retirement Communities, Inc., d/b/a Rose Tree Place, a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and the Civil Rights Act of 1866, 42. U.S.C. §1981 ("§1981"), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and

intentional discrimination and retaliation by Defendants with respect to her race, gender, and sexual orientation, ultimately resulting in the retaliatory termination of Plaintiff's employment. Plaintiff also asserts discrimination and retaliation claims under the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's claims arising under the PHRA.

6. All conditions precedent to the institution of this suit have been fulfilled. On August 2, 2021, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. The action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Kai Canada-King, is an adult individual who resides therein at 1277 Stonegate Road, Lansdale, Pennsylvania.

8. Defendants, Watermark Retirement Communities, Inc., and Watermark Retirement Communities, Inc., d/b/a Rose Tree Place, were and are now joint and/or

individual corporations duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 500 Sandy Bank Road, Media, Pennsylvania.

9. At all times relevant hereto, the Defendants were acting through its agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendants.

10. At all times material herein, the Defendants have been a "person" and "employer" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act.

## IV. STATEMENT OF CLAIMS

11. Plaintiff was employed by the Defendants from on or about January 3, 2017, until on or about April 23, 2018, when she was terminated from her position of employment as a result of the unlawful and retaliatory employment practices complained of herein.

12. During her tenure of employment with the Defendants, Plaintiff held the position of Resident Care Director, and at all times performed her job functions in a dutiful, competent, and courteous manner.

13. At the time of his dismissal, the Plaintiff was earning a salary of approximately $75,000.00 per annum, plus benefits which included a 401(k) Plan and health insurance.

14. During the course of her employment with the Defendants, Plaintiff was subjected by Defendants' agents, servants, and employees, and in particular, Cindy Evans ("Evans"), her manager, to various acts of discrimination on the basis of her race

(African-American), sex (female) and sexual orientation, which conduct created a hostile and offensive working environment for Plaintiff.

15.     In connection thereto, Evans made derogatory comments regarding Plaintiff's sex and sexual orientation, looked at Plaintiff in a hostile manner when Plaintiff openly discussed her martial-status, made stereotypical remarks about African-Americans, spoke to her in a condescending and degrading manner, circumvented Plaintiff's authority by speaking to a subordinate about business matters instead of Plaintiff, and otherwise treated her in a discriminatory manner.

16.     On one such occasion, Plaintiff overheard Evans telling Kathy Kurtafis ("Kurtafis"), Director of Human Resources: "who can take what Kai says seriously since she is married to a woman for Gods sake."

17.     Plaintiff resisted and opposed the aforesaid discriminatory employment practices and made various verbal complaints regarding the said conduct she was experiencing to Defendant's management and human resources personnel.

18.     Defendants failed to investigative or take any remedial actions against the individual(s) responsible for the said discriminatory behavior.

19.     In fact, Defendants' management routinely turned a blind eye towards the said discriminatory treatment exhibited towards the Plaintiff.

20.     Thereafter, similar instances of discrimination continued in a pervasive manner, and fostered and perpetuated a hostile working environment for Plaintiff.

21.     On March 13, 2018, Plaintiff filed a written complaint with Kutafaris, who informed Plaintiff that a formal investigation into her complaint would be opened by Defendants.

22. However, notwithstanding Kutafaris' assurances, Plaintiff was never contacted by Defendants in furtherance of their purported investigation.

23. Instead, on April 23, 2018, Plaintiff was asked to participate on a conference call with Defendant's Regional Director and Global Director of Human Resources, and was told she was being terminated for allegedly displaying poor integrity.

24. The reasons asserted for Plaintiff's dismissal were utterly baseless, had no foundation in fact and were nothing short of retaliation for her having complained about the aforesaid discriminatory employment practices by Evans on March 13, 2018.

25. Plaintiff believes and therefore avers that she was subjected to discriminatory employment practices, a hostile working environment and was terminated from her employment solely as a result of her race, sex, sexual orientation, and complaints of discrimination, as aforesaid.

## COUNT I
### (TITLE VII)
### Race, Sex and Sexual-Orientation Discrimination/Hostile Work Environment/Retaliation

27. Plaintiff incorporates by reference paragraphs 1 through 26 of this Complaint fully set forth at length herein.

28. The actions of the Defendants through its agents, servants, and employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of her race, sex and sexual orientation, and in terminating Plaintiff's employment in retaliation for opposing said discrimination, constituted a violation of Title VII.

29. The Defendants acts of discrimination as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

30. As a direct result of Defendants willful and unlawful actions in violation of Civil Rights Act of 1981 at 42 U.S.C. § 1981(a), the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (§1981)
## Race discrimination/Retaliation

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint fully set forth at length herein.

32. The actions of the Defendants through its agents, servants, and employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of her race, and in terminating Plaintiff's employment in retaliation for opposing said discrimination, constituted a violation of §1981.

33. The Defendants acts of discrimination as aforesaid, were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

34. As a direct result of Defendants willful and unlawful actions in violation of §1981, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT III
## (PHRA)
### Race, Sex and Sexual-Orientation Discrimination/Hostile Work Environment/Retaliation

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as if fully set forth at length herein.

36. The actions of the Defendants through its agents, servants, and employees, in subjecting the Plaintiff to a hostile work environment and to discrimination on the basis of her race, sex and sexual orientation, and in terminating Plaintiff's employment in retaliation for opposing said discrimination, constituted a violation of the PHRA.

37. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

38. As a direct result of the Defendant's willful and unlawful actions in violation of the PHRA the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

38. Plaintiff repeats the allegations of paragraph 1 through 37 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and Order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages (under Title VII and §1981) pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By: _____
KEVIN I. LOVITZ, ESQUIRE
kevin@lovitzlaw.com
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff, Kai Canada-King